(November 16, 1907.)

## LESLIE A. PORTER, et al., Respondents, v. ANTONI SPENO et al., Appellants.

[92 Pac. 367.]

INJUNCTION—ORDER GRANTING OR DENYING APPLICATION—APPEALABLE.

1. An order which finds that an applicant is entitled to an injunction, and further provides that an injunction will not be in effect until the expiration of thirty days from the date of the order, and will then be in effect if no appeal is then perfected to the supreme court, and an appeal is taken within said thirty days, is not an order granting an injunction, and an appeal therefrom as from an order granting an injunction will be dismissed on motion.

2. Our statute in regard to injunctions contemplates the granting of the writ if the party is entitled to it. It does not contemplate granting it *in futuro* or granting it on condition that no appeal is taken from such order.

3. If an application for an injunction is prematurely made, it should be denied.

4. Appellate courts do not determine moot questions.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Appeal from an alleged order granting an injunction. On motion, the *appeal is dismissed* as not being taken from an order granting an injunction.

Eugene A. Cox, for Appellants.

G. W. Tannahill, for Respondents.

Counsel cite no authorities on points decided by the court.

SULLIVAN, J.—This is an appeal from an order denominated an order granting an injunction. The following is a copy of the order.

"The plaintiff in the above-entitled cause, having commenced an action in the District Court of the Second Judicial District, of the State of Idaho, in and for Nez Perce County, against the above-named defendants, and having prayed for an injunction against the said defendants, requiring them to refrain from certain acts in said complaint and hereinafter more particularly mentioned, on reading the said complaint in said action, duly verified by the oath of said plaintiffs, and considering certain affidavits filed on behalf of plaintiffs and defendants herein, and considering certain documentary evidence, and it satisfactorily appearing to me therefrom that it is a proper case for an injunction, and that sufficient grounds exist therefor, and an undertaking having been given and approved as required by me, in the sum of $3,000;

"It is therefore ordered by me, the Judge of the said District Court, that until the further order in the premises, you the said Antoni Speno (Here follow the names of the other defendants), and all your servants, counselors, attorneys, solicitors and agents, and all others acting in aid or assistance of you, and each of you, do absolutely desist and refrain from in any way or manner interfering with the plaintiffs' water ditch, described as that certain water ditch, and all the water running through, or which may run through, the same, commencing on the south bank of the Clearwater river, at a point on said river, in Lot 1 (here follows a description of the property), known as and commonly called the Lewiston Water Ditch, through which the water runs and passes, used by the plaintiffs herein for irrigation and power purposes, and you, the said defendants, are hereby enjoined from doing anything which will interfere with the flow of water through the said ditch, over the lands of the plaintiffs in the future, and you, the said defendants, are enjoined from in any way or manner going upon any part or portion of the lands used and now owned by plaintiffs and hereinbefore described for said water ditch until the further order of the court. And you,

said defendants, are hereby enjoined from in any way or manner cutting the said ditch or obstructing the same in any way.

"The injunction will not be in effect until the expiration of thirty days from the filing of this order, and will then be in effect if no appeal is then perfected to the supreme court.

"Done at chambers, this 12th day of August, A. D. 1907.

"EDGAR C. STEELE,<br>    "District Judge."

The respondents have made a motion to dismiss the appeal on the ground that said order is not an appealable order, or that it is not appealable until the thirty days have expired that must expire by the term of said order before the injunction becomes effective. If that order is an order granting an injunction, the right to appeal accrued immediately after the order was made under the provisions of section 4807. The order is a peculiar one, and in effect holds that the respondent will be entitled to an injunction in thirty days from the date of the order, provided an appeal is not taken from said order prior to that time. The clear inference is that if an appeal is taken within thirty days after the date of the order, the writ shall not issue or become effective. Within the thirty days after said order was made, an appeal was taken, hence the order does not grant an injunction. It never had any force or effect as a live order granting an injunction, because the right to an injunction never accrued under it. The respondents had no right to an injunction under that order and no injunction ever became effective against the appellants. It was such an order as left both parties in the air as to their rights under it. A party making application for an injunction is either entitled to it or he is not entitled to it, and his right to it cannot be made to depend upon the fact whether an appeal shall be taken or not. Our statutes applicable to injunctions contemplate that the order made after the hearing shall either grant or deny the application. If application was prematurely made, as was evidently done in the case at bar, at least so far as refusing to make the order effective for thirty days, the court should have denied the application

as having been prematurely made. The statute contemplates the granting of the writ if the party is entitled to it. It does not contemplate granting it *in futuro* or granting it on condition that no appeal is taken from such order. The evident intention of the judge was to give the defendants, who are appellants here, the right to have the question of their right to an injunction first determined by this court before the writ should be issued against them. That kind of practice was not contemplated by our laws. Because of the appeal, the respondents were prevented from securing an injunction, but they have not appealed from the order of the court conditionally denying their application. The order of the court is in such shape that if this court had heard the appeal on its merits, and held that the respondents were entitled to an injunction, the lower court would have had to make another order before the clerk could have legally issued the writ in favor of the respondents. If this court should pass upon the merits of this appeal it would, at most, only be determining a moot question. An affirmance of the order made by the district judge would afford no one any relief, and it would still remain for the trial court or judge to make another order in the case, which in turn would be appealable. It is the province of this court to hear and determine real controversies between litigants, but not moot questions.

For the foregoing reasons the motion to dismiss the appeal must be granted. Under the facts of this case, we deem it only right that each party should pay half the costs of this appeal, and it is so ordered.

Ailshie, C. J., concurs.

STEWART, J., Dissenting.—This action was brought in the district court of the second judicial district, in and for Nez Perce county, whereby an injunction was sought restraining defendants from obstructing the flow of water through a certain ditch, or placing obstructions therein, etc. Issue was joined; affidavits were filed on the part of plaintiffs and defendants. Hearing was had, which resulted in the court making the order appealed from, and set out in full in the

opinion of *Justice Sullivan.* In this court, the plaintiffs move to dismiss the appeal on the following grounds:

1. That said appeal was taken when no injunction was issued, and none in force, from which an appeal would lie.

2. That at the time of appeal the order had not become final, and was not a final order from which an appeal would lie.

3. That the order was not final at the time of the appeal.

It will be observed that the motion to dismiss the appeal is not based on the ground that the order appealed from is *void,* but that the appeal was prematurely taken, in that the order was not final, and that the injunction had not been issued, and was not in force at the time the appeal was taken.

Revised Statutes, section 4807, provides: "An appeal may be taken to the supreme court from an order granting or dissolving an injunction." The appeal is from the order allowing the writ, and not from the issuing of the writ. The grievance complained of by the appellant was that the trial court erred in determining from the facts presented to it, that the plaintiffs were entitled to an injunction, or that the facts presented to the trial court did not warrant it in making the order appealed from. The clerical act of issuing, or the time of issuing, the writ was not the act of the court sought to be corrected by the appeal. Whether or not the writ was ever issued upon the order of the court would not authorize or deny the right of appeal. The court or judge makes the order for the writ, and the issuing of the writ is a clerical act to be performed by the clerk.

The respondents contend, in support of the motion to dismiss the appeal, that inasmuch as the order provides that "This injunction will not be in effect until the expiration of thirty days from the filing of this order, and will then be in effect if no appeal is then perfected to the supreme court," that the order is not final, and does not take effect until thirty days from the filing of the order, and not then if an appeal is taken, and that an appeal could not be taken until after the expiration of thirty days from the filing of the order.

The statute, however, allows an appeal from the order, and not from the issuing of the writ. Upon the motion to dismiss the appeal, the court could not, and did not, inquire into the facts, for the purpose of determining whether or not the facts warranted the trial court in upholding the issuing of the writ for thirty days, or any other time, after filing the order. To determine this question, the case would have been heard on its merits.

The appeal, however, having been taken from the order, the date of the order fixes the time with reference to when the appeal may be taken, and not the date for the performance of an act under the order.

The majority opinion holds the entire order void for the reason: "It never had any force or effect as a live order granting an injunction, because the right to an injunction never accrued under it."

The order must be construed as a whole. The same rule of construction applies to it as to any other written instrument. An examination of the body of the order discloses that the trial court in solemn and positive language adjudges that "You and each of you do absolutely desist and refrain from in any way or manner interfering with plaintiffs' water ditch," etc., and "you, the said defendants, are hereby enjoined from doing anything which will interfere," etc.

This is a positive judgment that plaintiffs were entitled to an injunction. The last three lines of the order, which the majority opinion holds render the order void, evidently were added by the trial judge to preserve the parties *in statu quo* until the appeal could be heard in this court. These lines did not modify or change the judgment of the court that the plaintiffs were entitled to an injunction. They, at most, stayed the judgment, or postponed the issuing of the writ for the time named.

There is nothing in the statute limiting the jurisdiction of the court in determining the time when a writ of injunction shall issue after hearing. Equity and justice may move the court to postpone the issuing of a writ to a time subsequent to the hearing, and thereby stay the judgment to such future

date. Whether the facts warrant the court in doing so is not a question of jurisdiction, but a question of fact to be determined upon a hearing on the merits.

The court of appeals of New York (*Genet v. President & D. & H. C. Co.*, 113 N. Y. 472, 21 N. E. 390) in an injunction case, says: "The general practice permits courts to control their judgments in the interest of justice, and unless some statutory rule prescribes the method of. procedure, or there is some statutory prohibition, I do not perceive how it can be said that there is no power in the court of original jurisdiction to suspend the operation of a judgment pending an appeal, and especially where, by so doing, the parties would be left in the position in which they were when the action was brought. It will be observed that we are considering the mere question of abstract power, and not whether in a particular case it ought to be exercised, or under what conditions or limitations."

In *Sammons v. City of Gloversville*, 70 N. Y. Supp. 284, 34 Misc. Rep. 459, the supreme court of New York granted an injunction, but withheld its operation for one year from the entry of the decree. "Cyc.," volume 22, page 970, cites many authorities and announces the rule in the text. "The court may in its discretion suspend the operation of an injunction. It may in the very decree itself provide that the operation of the injunction shall be stayed for a certain length of time or until the happening of a condition, and it is within the discretion of the court to stay the operation of the decree pending an appeal therefrom, until the hearing of the appeal on the merits."

The order involved in this case does not grant the injunction *in futuro,* but adjudges the plaintiffs to be entitled to the injunction at the time the order is made, and withholds its issuing for the time named in the order. This the court had jurisdiction to do, and an order so made would not be void. I am of the opinion, therefore, that the order appealed from was a valid order, and the motion to dismiss the appeal should have been overruled and the case should have been heard on its merits.