(December 19, 1908.)

DUNCAN CAMERON, Respondent, v. THOMAS HUNT-
BACH, Appellant.

[98 Pac. 1080.]

TRESPASS — DAMAGES — DEMURRER TO ANSWER — COMPLAINT—ALLEGED
  UNLAWFUL ACTS—ALLEGATIONS ADMITTED BY DEFENDANT—MOOT
  QUESTIONS.

    1. Where a complaint states a cause of action and an answer is filed specifically denying all of its material allegations, and also sets up a special defense, and a demurrer to the special defense

is sustained and the case is thereafter brought on for trial, at the opening of which the defendant admits that all of the allegations of the complaint are true, and judgment is rendered against him, and the only question on appeal raised is the action of the court in sustaining the demurrer to the special defense, the court will not pass upon that question, for the reason that a decision of it could in no manner affect the judgment rendered and entered on the admissions of the defendant.

2. An abstract question, the determination of which could in no manner affect the judgment appealed from, will not be decided by this court on appeal.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Latah County.   Hon. Edgar C. Steele, Judge.

Action to recover damages for trespass.  Judgment for plaintiff.  *Affirmed.*

Forney & Moore, for Appellant.

Stewart S. Denning and Warren Truitt, for Respondent.

Counsel cite no authorities on point decided.

SULLIVAN, J.—This action was brought for the purpose of enjoining the defendant and his servants from trespassing upon the premises described in the complaint, and for unlawfully breaking down plaintiff's fence.  A general demurrer was filed to the complaint, which was overruled by the court. The action of the court in overruling that demurrer is not assigned as error by the appellant and has not been referred to by counsel for either of the parties upon this appeal.

The answer denied all of the allegations of the complaint and set up a special defense.  A demurrer was interposed to the separate defense upon the ground that the same did not state facts sufficient to constitute a defense to plaintiff's action. The court sustained that demurrer.  Thereafter the cause came on for trial on the complaint and answer that contained a specific denial of the allegations of the complaint.  At the opening of the trial, counsel for the respective parties being

present, the defendant admitted in open court the truthfulness of all of the allegations of the complaint, and the plaintiff thereupon waived any claim for damages. The court recites in his introduction to the findings of facts as follows: "The defendant at this time admitted in open court that all of the allegations of the complaint were true. And the plaintiff waived his claim for damages." The court then proceeded to make its findings, and found each of the material allegations of the complaint to be true, and the eighth finding is as follows: "The court further finds that in accordance with the admissions of the defendant in open court, that all of the material allegations of the complaint are true." The court also recites in the judgment entered as follows:

"The cause came regularly on for trial on the 1st day of June, 1908, Warren Truitt appearing for plaintiff, and J. H. Forney, of the firm of Forney & Moore, appearing for the defendant. It was thereupon duly stipulated by said parties in open court that all the allegations of the complaint herein are true, and the plaintiff waived his claims for damages from defendant in the case and the same was then duly submitted to the court."

The plaintiff for cause of action had alleged that he was the owner of the real estate described in the complaint and that at divers times the defendant had, without any right whatever, wrongfully and unlawfully broken down plaintiff's fence inclosing said premises, and wrongfully and unlawfully with teams and wagons entered into and upon said farming lands of plaintiff, to their great damage and irreparable injury; and after alleging some other acts and threatened acts of defendant in regard to said premises, it is alleged that the threatened acts of the defendant, unless restrained, will be consummated, and will cause the plaintiff to engage in vexatious litigation and a multiplicity of actions in protecting his rights in and to said premises; that the defendant has damaged plaintiff by said wrongful and unlawful acts in the sum of $500.

The record shows when the action came on for trial on the complaint and the specific denials of the answer, that the defendant then and there admitted all of the allegations of the

complaint, thus admitting that there was nothing in his denials. That being true, he had no defense to this action. If we concede that the court erred in overruling the demurrer and that the answer contained a good defense, by defendant's admitting that all of the allegations were true, he admitted away his defense, if he had any. A defendant will not be permitted to blow both hot and cold at the same time; in one breath contending that he has a valid defense to the action, and in another admitting that he has not, by admitting that all of the allegations of a complaint which state a cause of action are true.

The only question presented by the record is whether the court erred in sustaining the demurrer to the special defense set up in the answer. Supposing the court now holds that the court erred in sustaining that demurrer and the judgment is set aside and the cause remanded for a new trial, and on the trial the defendant is confronted with his former admissions of the truthfulness of all the allegations of the complaint, there could be but one result. The judgment would certainly go against the defendant. This court will not try moot questions, even if they are raised in an action actually tried in a court, where the determination of the question could have no effect whatever on the judgment appealed from.

The judgment of the court below is sustained and costs of this appeal are awarded to the respondent.

Ailshie, C. J., and Stewart, J., concur.