(No. 6244. October 4, 1935.)

HUGO D. JORGENSEN and N. C. A. JORGENSEN, by Substitution, Respondents, v. THOMAS GEORGE, a Widower, THOMAS GEORGE, Jr., and CARMEN GEORGE, His Wife, HILMER GEORGE and EDITH GEORGE, His Wife, CARL GEORGE and LAVON GEORGE, His Wife, THE RIGBY NATIONAL BANK, a Corporation, and Dr. J. H. HEINLY, Appellants.

[50 Pac. (2d) 1.]

A. H. Wilkie, for Appellants.

C. W. Sandles, for Respondents.

HOLDEN, J.—May 24, 1929, appellants Thomas George, Thomas George, Jr., Hilmer George, Edith George, Carl George and Lavon George executed and delivered a mortgage to J. M. Broat, due two years from date, upon certain lots located in the town of Rigby, Jefferson county, Idaho. Shortly after falling due, to wit, June 19, 1931, payment of

the mortgage was extended for an additional period of two years, conditioned upon the making of certain payments. January 20, 1933, the mortgagors having failed to pay the taxes levied upon the mortgaged property, or to make the payments required by the extension agreement, the mortgagee, J. M. Broat, commenced suit to foreclose. December 8, 1933, appellants made application for an order suspending and staying further proceedings in the case, based upon a proclamation issued by the Governor pursuant to the Idaho Moratorium Law (1933 Sess. Laws, p. 192). April 25, 1934, the then plaintiff, Broat, filed what is entitled a "Traverse of Amended Application for Suspension of Foreclosure Proceedings," by which he challenged the constitutionality of said statute. June 15, 1934, respondents were substituted in the place and in lieu of the original plaintiff. August 11, 1934, appellants filed an amended application for a stay of the foreclosure proceedings, based upon a proclamation of the Governor issued July 18, 1934. August 11, 1934, the court denied the application and on the same day the case was tried by the court. September 8, 1934, findings of fact and conclusions of law were made and filed, and decree of foreclosure rendered and entered, in the usual form. Execution in foreclosure was thereafter issued and the mortgaged property advertised for sale, but not sold. Appellants then filed notice of appeal from the judgment and gave a *supersedeas* bond staying further proceedings.

Respondents move to dismiss the appeal upon the ground that the questions raised on appeal have become moot, in that (a) "Chapter 124, Idaho Session Laws, Sec. 6, provides that the authority conferred upon the Governor by such Act should automatically terminate with the 31st day of December, 1934, and that such date has long since past," and (b) "that the proclamation of the Governor, under which the application for stay of proceedings was made and from the denial of which application this appeal is now taken, expired by effluxion of time on the 15th day of September, 1934."

The questions presented for determination on the appeal are: 1. Did the court err in holding that the moratorium

statute, *supra*, is unconstitutional? 2. Did the court err in finding the respondents paid an insurance premium in the sum of $175, and in entering judgment therefor?

If, pending the appeal, by reason of the effluxion of time, the relief sought by appellants by their application for stay of the foreclosure proceedings, cannot be granted, even though the court should hold the statute to be constitutional, then it would be idle and useless to pass upon the constitutionality of the statute.

Section 6 of the moratorium statute, *supra*, upon which respondents rely for a dismissal of the appeal, reads as follows:

"Sec. 6. The authority conferred upon the Governor by this Act shall automatically terminate with the 31st day of December, 1934." (1933 Sess. Laws, p. 193.)

It is clear that the legislature intended to stay the prosecution of proceedings in the courts of this state, whenever, in the opinion of the Governor, extraordinary conditions existed, justifying such action. It is equally clear that the legislature intended that the period within which proceedings could be stayed must end December 31, 1934; otherwise, it would not have expressly provided that the authority conferred upon the Governor to stay proceedings would automatically expire on that date.

It is at once apparent that even though this court were to hold the statute constitutional, and reversed the trial court, we could not direct that court to sustain appellants' application, and stay further proceedings in this case, because the moratorium statute, *supra*, as well as the proclamations of the Governor made pursuant thereto, and upon which the application was based, ceased to have any force and effect on the thirty-first day of December, 1934. Nor could appellants make another application for stay of proceedings, supported by a proclamation of the Governor, because the authority sought to be conferred upon the Governor, by the statute, to issue proclamations declaring legal holidays, automatically terminated December 31, 1934.

■■ It conclusively appears, then, that the substance of the controversy between the parties as to the constitu-

tionality of the moratorium statute, *supra,* has disappeared by the effluxion of time, and that any judgment that could be rendered in this case would be ineffectual, and that the constitutionality of the statute is now a moot question. This court will not determine a moot question. (*Porter v. Speno,* 13 Ida. 600, 92 Pac. 367; *Cameron v. Huntbach,* 15 Ida. 568, 98 Pac. 1080; *Stockyards National Bank v. Arthur,* 45 Ida. 333, 262 Pac. 510. See, also, 1 C. J., p. 973, sec. 68; Idaho and Pacific Digest, vol. 2, p. 718, vol. 3, p. 937, vol. 4, p. 89.)

If the constitutionality of the moratorium statute, *supra,* were the only question raised on the appeal, respondents' motion to dismiss would be granted, but there remains for determination the question whether the trial court erred in finding respondents paid an insurance premium in the sum of $175 and in entering judgment therefor. That is not a moot question. Therefore, respondents' motion to dismiss the appeal is denied.

We have carefully examined the record. No evidence was adduced upon the trial of the cause even tending to show the respondents paid an insurance premium in the sum of $175 or in any other sum or amount. There was a complete failure of proof on that question.

It is clear, therefore, that the trial court erred in finding that respondents paid the said insurance premium and in entering judgment therefor. The judgment is reversed and the cause remanded, with direction to the court to take evidence upon the single issue involving the payment of the insurance premium, and to make findings of fact, conclusions of law, and render and enter decree of foreclosure accordingly. Costs to appellants.

Givens, C. J., and Budge, Morgan and Ailshie, JJ., concur.