733 P.2d 729

V-1 OIL COMPANY, a corporation; Weathertite Block Company, a corporation; Six B, Inc., a corporation; S.H. Bennion, an individual; Faye J. Bennion, an individual; and V-1 Self Service, a corporation, Plaintiffs-Appellants,

v.

STATE TAX COMMISSION, an agency of the State of Idaho; Board of Tax Appeals, an agency of the State of Idaho; State of Idaho; and the counties of Ada, Bannock, Bingham, Boise, Bonneville, Canyon, Cassia, Elmore, Franklin, Gem, Jefferson, Jerome, Lemhi, Lincoln, Madison, Minidoka, Owyhee, Payette, Teton, and Washington, each of which said counties is a political subdivision of the State of Idaho, Defendants-Respondents.

No. 16222.

Supreme Court of Idaho.

Feb. 18, 1987.

Ralph J. Gines, Boise, for plaintiffs-appellants.

Honorable Jim Jones, Atty. Gen., and David G. High (argued), Deputy Atty. Gen., Boise, for defendants-respondents.

PER CURIAM.

This is an appeal from orders of the district court granting summary judgment to defendants-respondents and denying summary judgments to plaintiffs-appellants in an action seeking a declaratory judgment that the procedures of certain counties in accumulating budget surpluses were unconstitutional. We affirm.

Plaintiffs began the actions in 1976, seeking refunds of taxes paid under protest, injunctive relief, and declaratory judgments. Twenty-seven separate actions were filed in various counties, and by agreement of the parties all cases were consolidated with the principal case in Ada County, and the parties agreed to be bound by the Ada County case. Defendants agreed to waive any failure of plaintiffs to exhaust administrative remedies.

During the course of proceedings, various preliminary injunctions and restraining orders were issued, and ultimately partial summary judgment was issued determining that certain properties of the plaintiffs were taxable. The parties then settled the question of the property valuation.

In March, 1984 the parties reached a settlement as to the amount of tax owed which resolved all questions regarding valuation, taxes and penalties. That settlement agreement reserved to the plaintiffs the right to litigate the only issues remaining, *i.e.,* (a) whether the counties must take surpluses into account when establishing current budgets so as not to impose excessive levies, and (b) whether tax rates as between real and personal property as between the counties must be uniform. The parties stipulated that those two remaining issues might be determined by cross-motions for summary judgment without trial.

Plaintiffs-appellants first argue that the grant of summary judgment in favor of the State Tax Commission was improper since the Commission had filed no affidavit in support of its motion for summary judgment, or in opposition to V–1 Oil's motion for summary judgment. That assertion is without merit. I.R.C.P. 56(e) provides:

**Form of affidavits—Further testimony—Defense required.**—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such

facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him. (Emphasis added.)

Here, the court found the facts as alleged by V–1 Oil to be true. The facts, tendered by the exhibits, only indicate that the counties in question did indeed have surpluses for the years in question, but there is no showing as to what resulted therefrom, *i.e.*, if the counties considered the surpluses in the following year's budget process. Hence, V–1 Oil has only shown facts indicating that surpluses did occur, and there is no genuine issue of material fact. I.R.C.P. 56(b) provides:

**Summary judgment—For defending party.**—A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move *with or without supporting affidavits* for a summary judgment in his favor as to all or any part thereof. (Emphasis added.)

Clearly, the failure of the Tax Commission to file affidavits is of no consequence.

■ The crux of V–1 Oil's case is the assertion that the adoption of I.C. §§ 31–1605 and –1605A violates ID. CONST. art. 7 § 15. We have repeatedly stated that the Court will not address constitutional questions not necessary to the resolution of the

cause. Here the parties have reached settlement on all questions necessary or relating to the tax liability of V–1 Oil, and hence the constitutional questions would at first glance appear moot. However, V–1 Oil argues, and we agree, that an issue of constitutionality is not necessarily moot if it is capable of repetition yet evading review. *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *State Board of Elections v. Socialist Workers Party*, 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979). *See* Note, The Mootness Doctrine in the Supreme Court, 88 Harv.L.Rev. 373 (1974).

■ The very issue posed here was dealt with in *V–1 Oil v. County of Bannock*, 97 Idaho 807, 554 P.2d 1304 (1976). Therein Bakes, J., concurring, stated:

At the time the district court considered this matter, the portions of I.C. § 31–1605 quoted above were still in effect and had not been amended. A declaratory judgment at that time would have ended the recurring controversy concerning whether counties could carry forward cash surpluses from year to year without reducing taxes by the amount of the surplus. This was not a case in which there was a statutory ground for the court to refuse to enter judgment. Accordingly, I believe the district court erred in refusing to give declaratory judgment upon the first count.

However, 1976 I.S.L., ch. 45, §§ 13 and 14, amended I.C. § 31–1605 and added a new section, I.C. § 31–1605A, to allow counties to carry over surplus funds from year to year "sufficient to achieve or maintain county operations on a cash basis." The statute having been amended, "the uncertainty or controversy giving rise to the proceedings," i.e., the question of the legality of county budgeting carrying surpluses forward from year to year, appears to have been eliminated and therefore the matter need not be remanded to the district court for further proceedings.

The 1976 legislative enactment of I.C. § 31–1605A expressly authorizes the actions of the counties of which V–1 Oil complains, and hence, if that statute is constitutional, the issue is not capable of repetition, does not evade review but has been effectively resolved by the legislature.

V–1 Oil argues that all monies in the county treasury at the end of each fiscal year must, by operation of law, be transferred to a special fund for the redemption of warrants. That assertion was made and rejected by the Court in *LaClede Highway District v. Bonner County, Idaho,* 33 Idaho 476, 196 P. 196 (1921). There the Court held that the language of art. 7 § 15 did not require that all money in the county treasury at the end of the fiscal year necessarily and by operation of law pass into the warrant redemption fund, but rather that the board of county commissioners possess the discretionary authority to ascertain what funds were necessary and needed to keep the county on a cash basis. Hence, the conclusion of the district court was eminently correct in stating:

> The fixing of tax levies by the board of county commissioners of each respective defendant county so as to raise funds in amounts in excess of the amounts necessary to pay the expenditures as determined by the adopted budget of each respective defendant county does not per se violate the requirements of I.C. § 31–1605 as alleged by plaintiffs so long as such excess is deemed necessary to keep the county entities operating on a cash basis without the necessity of issuing interest bearing warrants. *See* I.C. § 31–1605A which in 1976 codified the practice.

The specific opening language of art. 7 § 15 of the Idaho Constitution provides: "The legislature shall provide by law, such a system of county finance, as shall cause the business of the several counties to be conducted on a cash basis. ..." Article 7 § 16 of the Idaho Constitution provides: "The legislature shall pass all the laws necessary to carry out the provisions of this article."

It is beyond cavil that the drafters of our Constitution intended that our counties' finances should be conducted on a cash basis, and our legislature was and is specifically authorized to enact statutes to carry out that result. It is clear that I.C. § 31–1605A was designed for that purpose. It appears there is no other practical construction. To rule otherwise would require county treasuries to be emptied at the end of each fiscal year, leaving no money therein with which to pay continuing and recurring expenses. Such a process would then require indebtedness to be created by the registration of warrants which would then later be paid, with interest thereon, from the same warrant redemption fund into which the county treasury had been emptied. Such would not comport with common sense, practical management, or the constitutional requirement that to the extent possible counties be operated on a cash basis.

■ Although in the parties' final settlement relating to tax liability two constitutional questions were reserved, the second of which was whether tax rates as between real and personal property as between the counties must be uniform, that question was not argued either by way of brief or at oral argument, and hence is deemed abandoned. *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982); *Green v. Young,* 102 Idaho 735, 639 P.2d 433 (1981).

The orders of judgment in the district court are affirmed. Costs to respondents.