911 P.2d 751

**GREAT BEGINNINGS CHILD CARE, INC., an Idaho nonprofit corporation; Lois Flahery, an individual; Chris Birdwell an individual; Wendy Wall, an individual; and Chris Lee, an individual, Petitioners–Appellants on Appeal–Cross Respondents,**

v.

**OFFICE OF the GOVERNOR OF the STATE OF IDAHO, ex rel Idaho Office for Children, a defunct entity. Respondent–Respondent on Appeal–Cross Appellant.**

No. 21497.

Supreme Court of Idaho,
Boise, November 1995 Term.

Feb. 16, 1996.

Saetrum, Day & Salladay, Boise, for appellants. Peggy Donnelly, argued.

Hon. Alan G. Lance, Attorney General; Michael S. Gilmore (argued), Deputy Attorney General, Boise, for respondent.

JOHNSON, Justice.

This case concerned the validity of administrative rules promulgated by the Idaho Office for Children, a division of the Office of the Governor established by executive order. Because the Office for Children and its rules no longer exist, we conclude that the case is moot and therefore do not address the merits.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Gov. Cecil Andrus created the Idaho Office for Children, a division of the Office of the Governor, by executive order 91–6. He subsequently designated the Office for Children as the "lead agency" for the state's participation in a federal child care and development block grant program. 42 U.S.C. §§ 9858a–9858q (1995).

Federal law required that the lead agency develop a "state plan" for administration of the block grant program. 42 U.S.C. § 9858b(b)(1)(B). To comply with this requirement, the Office for Children initiated rulemaking procedures pursuant to the Idaho Administrative Procedure Act. The rulemaking process culminated in administrative rules governing day care centers participating in the block grant program, including one which required a child to staff ratio of 4:1 for infants. IDAPA 15.15.14.251 (1993). The rules required participating child care providers to submit a self-declaration of compliance by the rules' effective date, January 1, 1994.

On December 28, 1993, Great Beginnings Child Care, Inc. (Great Beginnings) and several parents whose children attended the center challenged the validity of the child to staff ratio rules by filing a petition for review pursuant to I.C. §§ 67–5270 through –5279, as well as a complaint for writ of prohibition against the Office for Children. Great Beginnings alleged that the rules were invalid because the legislature had never granted the Office for Children rulemaking authority. Two days later, Great Beginnings filed motions for a temporary restraining order (TRO) and a stay of order or rule (the preliminary injunction) under I.C. § 67–5274 (1995). The trial court issued the requested *ex parte* TRO prohibiting the implementation of the new rules. After the TRO expired, the trial court issued a preliminary injunction.

Finally, on cross motions for summary judgment, the trial court concluded that the legislature's approval of the budget for the

Office of the Governor, which listed the Office for Children in the fiscal note, carried with it the authority to issue administrative rules. Great Beginnings appealed the trial court's decision, contending again that the rules were facially invalid. The Office for Children cross-appealed the trial court's initial granting of the *ex parte* TRO as an abuse of discretion.

Since the filings of the notices of appeal, both the Office for Children and its 4:1 child to staff ratio rules have ceased to exist. On February 1, 1995, Gov. Phil Batt transferred responsibility for the block grant program to the Idaho Department of Health and Welfare (IDHW) and eliminated all personnel assignments to the Office for Children. IDHW eliminated all the rules governing child to staff ratios for participating providers. IDAPA 16.06.12.251 (1995). The Office for Children legally ceased to exist on May 30, 1995 when executive order 91–6 expired.

## II.

### THE APPEAL IS MOOT BECAUSE THE OFFICE FOR CHILDREN AND ITS ADMINISTRATIVE RULES NO LONGER EXIST.

The Office of the Governor and Great Beginnings both urge the Court to decide whether the Office for Children had the authority to issue administrative rules by applying the public interest exception to the mootness doctrine. We decline to do so.

This appeal is moot because the Office for Children and its challenged regulations no longer exist. "[A] case becomes moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Bradshaw v. State,* 120 Idaho 429, 432, 816 P.2d 986, 989 (1991) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). Because the rules no longer exist, "the issues presented are no longer live." Similarly, a party that has ceased to legally exist cannot have a "legally cognizable interest" in the outcome.

The Court has on occasion decided the merits of cases that were technically moot by applying a "public interest" exception. Most recently for example, in *Johnson v. Bonner County Sch. Dist. No. 82,* the Court issued a decision addressing injunctions against allegedly biased public decisionmakers because we concluded that it would be in the public interest to provide "future direction and guidance." 126 Idaho 490, 493, 887 P.2d 35, 38 (1994). Lawsuits for short-term injunctive relief such as *Johnson* represent a classic application of the exception because injunctions commonly expire before an appeal can be heard and they frequently involve reoccurring issues and situations. Thus, the Court has repeatedly recognized that it is in the public interest to decide cases which are "susceptible to repetition yet avoiding review." *See, e.g., Ellibee v. Ellibee,* 121 Idaho 501, 503, 826 P.2d 462, 464 (1992) (addressing validity of expired TRO issued under a domestic violence statute despite mootness).

Along these lines, the parties contend this case presents "important recurring issues." But with the Office for Children and its rules no longer in existence, the possibility of the reoccurrence of a similar lawsuit becomes mere speculation. The mere physical or theoretical possibility that an issue may resurface will not suffice. In *Johnson* and *Ellibee* there was a reasonable expectation that parties would again seek injunctions against allegedly biased decisionmakers and that short-term temporary restraining orders would again be issued under the domestic violence statute. The same cannot be said for this case which involved a specific division of the Office of the Governor and the specific circumstances concerning its issuance of specific administrative rules.

We similarly decline to address the validity of the initial *ex parte* TRO as raised by the Office for Children's cross-appeal. An expired TRO in a case that the trial court ultimately decided on the merits presents a moot issue in a case that is itself already moot. Nothing in the record reveals the presence of any important reoccurring issues that are not adequately addressed by the standards for TROs set forth in I.R.C.P. 65(b).

## III.

### CONCLUSION

We dismiss the case as moot and accordingly award no attorney fees.

We award no costs on appeal.

McDEVITT, C.J., and TROUT and SILAK, JJ., and WESTON, J. Pro Tem., concur.