931 P.2d 1188

**COMMITTEE FOR RATIONAL PREDA-
TOR MANAGEMENT, an unincorporat-
ed association, Daniel P. Casali, and Su-
san J. Doyle, Plaintiffs–Appellants,**

v.

**DEPARTMENT OF AGRICULTURE,
STATE OF IDAHO, Defendant–
Respondent.**

No. 21923.

Supreme Court of Idaho,
Twin Falls, November 1996 Term.

Jan. 21, 1997.

Debra Kronenberg, Ketchum, for plain-
tiffs–appellants.

Alan G. Lance, Attorney General; William S. Whelan, Deputy Attorney General (argued), Boise, for defendant–respondent.

SILAK, Justice

This is an appeal from a district court order dismissing appellants' complaint for writs of prohibition and mandate challenging the temporary Rules for Airborne Control of Unprotected or Predatory Animals, IDAPA 02.01.03. The district court dismissed appellants' complaint for failure to exhaust administrative remedies. We dismiss the action as moot.

# I.

## FACTS AND PROCEDURAL BACKGROUND

Appellant Committee for Rational Predator Management (CRPM) is an unincorporated association of residents of the state of Idaho who are interested in promoting non-lethal management of predatory animals. Appellants Daniel P. Casali and Susan J. Doyle are residents of Blaine County, Idaho and are members of CRPM.

On December 6, 1994, respondent Department of Agriculture (the Department) promulgated the temporary Rules for Airborne Control of Unprotected or Predatory Animals, IDAPA 02.01.03, which govern the issuance of permits that would allow individuals to hunt coyotes and "other animals which interrupt the beneficial use of land or water" from private aircraft. The legal requirements under the Idaho Administrative Procedure Act (APA) for the adoption of a temporary rule by an administrative agency are found in Section 67–5226 of the Idaho Code.

On December 27, 1994, CRPM filed a complaint for writ of prohibition to prevent the Department from issuing airborne hunting permits under the temporary rules, a writ of mandate to compel the Department to rescind the temporary rules, and a motion for a preliminary injunction to enjoin the Department from issuing airborne hunting or harassing permits under the temporary rules. The complaint alleged that the Department promulgated the temporary rules without incorporating one of the three findings required under I.C. § 67–5226, and that the temporary rules violated (1) the Airborne Hunting Act, 16 U.S.C. § 742j-l(b)(1) and 50 C.F.R. §§ 19.1–19.32, because they authorized airborne hunting or harassing of animals that is beyond the narrow federal exception; (2) I.C. § 25–128(2), because they did not require coordination of programs between the state and federal agencies involved; and (3) I.C. § 36–201, because the definition of a predatory animal in the rules, IDAPA 02.01.03.004.05, was broader than that already established by the Idaho Fish and Game Commission.

The Department thereafter filed a motion to dismiss CRPM's complaint. The district court granted the motion, ruling that CRPM had not exhausted all administrative remedies. The court also denied CRPM's motion for a preliminary injunction.

The Department began the process of promulgating final rules governing airborne predator control at the same time as its adoption of the temporary rules. On May 3, 1995, a notice of the final rule was published in the *Idaho Administrative Bulletin 95–5* at 2, Docket No. 02–0103–9501. The temporary rules expired on May 24, 1995, the effective date for the final rules. The final rules changed a number of the provisions of the temporary rules, including the definition of "predatory animal," IDAPA 02.01.03.004.05, which CRPM had challenged as improper.

CRPM appeals the decision of the district court.

# II.

## ISSUES ON APPEAL

1. Whether the district court erred in dismissing CRPM's complaint for failure to exhaust administrative remedies.

The Department re-states the issues on appeal as follows:

1. Whether the availability of judicial review of the challenged rules under the Idaho APA, I.C. § 67–5270, represents a "plain, speedy and adequate remedy in the ordinary course of the law" that

precludes CRPM's action for an extraordinary writ of prohibition and writ of mandate.

2. Whether this case should be dismissed as moot because the challenged rules are no longer in effect.

### III.

### THE APPEAL IS MOOT BECAUSE THE TEMPORARY RULES HAVE BEEN REPLACED BY FINAL RULES.

CRPM argues that the district court erred in dismissing its complaint for failure to exhaust administrative remedies. CRPM offers a number of theories as to why this doctrine does not apply to it and as to why the filing of a complaint seeking extraordinary relief was appropriate in this case. On appeal, the Department no longer relies on its earlier argument that CRPM failed to exhaust its administrative remedies prior to the filing of the complaint for writs of prohibition and mandate, and maintains that this action should be dismissed as moot due to the fact that the temporary rules at issue no longer exist. While CRPM concedes that the underlying issues in this case are moot, it requests that the Court provide guidance under *Johnson v. Bonner County Sch. Dist.*, 126 Idaho 490, 887 P.2d 35 (1994), as to what the standards are for exhausting administrative remedies under the Idaho APA promulgated in 1993, and whether extraordinary writs are precluded under the new APA.

■ It is well-established that this Court does not decide moot cases. *See, e.g., Great Beginnings Child Care, Inc. v. Office of Governor*, 128 Idaho 158, 160, 911 P.2d 751, 753 (1996); *Phillips v. Consolidated Supply Co.*, 126 Idaho 973, 975, 895 P.2d 574, 576 (1995); *Moon v. Investment Bd. of the State of Idaho*, 102 Idaho 131, 131, 627 P.2d 310, 310 (1981). In considering the definition of mootness, the Court has held that "a case becomes moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Idaho Sch. for Equal Educ. Opportunity v. Idaho State Bd. of Educ.*, 128 Idaho 276, 281, 912 P.2d 644, 649 (1996) (quoting *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989

(1991)). "[A]n issue [or case] is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Idaho Sch. for Equal Educ. Opportunity*, 128 Idaho at 281, 912 P.2d at 649 (quoting *Idaho County Property Owners Ass'n, Inc. v. Syringa Gen. Hosp. Dist.*, 119 Idaho 309, 315, 805 P.2d 1233, 1239 (1991)). The pivotal elements of a justiciable controversy are as follows:

A "controversy" in this sense must be one that is appropriate for judicial determination ... A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.... The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Idaho Sch. for Equal Educ. Opportunity*, 128 Idaho at 281–82, 912 P.2d at 649–50 (quoting *Weldon v. Bonner County Tax Coalition*, 124 Idaho 31, 36, 855 P.2d 868, 873 (1993)).

■ We hold that the issues in this case regarding the temporary rules for Airborne Control of Predatory Animals are moot. These temporary rules were promulgated on December 6, 1994. On January 12, 1995, at the hearing on the Department's motion to dismiss, the district court ruled in favor of the Department and dismissed the complaint on the basis that CRPM failed to exhaust its administrative remedies. A written order to that effect was entered on January 24, 1995. CRPM filed a notice of appeal on March 9, 1995. The promulgation of the final rules for Airborne Control of Predatory Animals was completed and the rules became effective on May 24, 1995. The temporary rules expired on this date. Therefore, the issues in CRPM's complaint are no longer live; there is no justiciable controversy, and a judicial determination will have no practical effect on the outcome. At this point, CRPM no longer has any expectation of gaining meaningful relief through this appeal because the rules

of which they complain simply do not exist. CRPM concedes this fact. Thus, the case is moot. *See Great Beginnings Child Care, Inc.*, 128 Idaho at 160, 911 P.2d at 753 ("This appeal is moot because the Office for Children and its challenged regulations no longer exist.")

 While acknowledging the mootness of the issues concerning the temporary rules, CRPM urges the Court to decide the case under an exception to the mootness doctrine, *i.e.*, the public interest exception. Under this exception, if the issue is one of substantial public interest, the Court may address the issue for future guidance and direction even if the case is technically moot. *Idaho Sch. for Equal Educ. Opportunity*, 128 Idaho at 284, 912 P.2d at 652 (citing *Johnson v. Bonner County Sch. Dist. No. 82*, 126 Idaho 490, 492, 887 P.2d 35, 37 (1994)). We decline to do so.

This Court has held on numerous occasions that it is in the public interest to decide cases which are capable of repetition yet evading review. *Idaho Sch. for Equal Educ. Opportunity*, 128 Idaho at 283, 912 P.2d at 651; *Great Beginnings*, 128 Idaho at 160, 911 P.2d at 753; *Ellibee v. Ellibee*, 121 Idaho 501, 503, 826 P.2d 462, 464 (1992). CRPM argues that while there is nothing the Court can do for that organization with respect to the expired temporary rules in this case, because this situation could arise in the future, the Court should provide guidance as to the requirements for exhausting administrative remedies under the new APA and as to whether extraordinary writs are prohibited under the new APA.

We do not view the issues in this case as capable of repetition yet avoiding review. CRPM contends that anytime temporary rules are promulgated under the new APA, a party opposed to the rules faces the risk of the rules expiring before they can be challenged and appealed. Although this is a possibility, the challengers can file a petition for judicial review pursuant to I.C. § 67-5270(2), and then immediately seek a stay of the agency action pursuant to I.C. § 67-5274:

Stay.—The filing of the petition for review does not itself stay the effectiveness or enforcement of the agency action. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

While there is no guarantee that a stay will be granted in every case, this is an avenue that CRPM could have pursued.[1] If a stay is granted, the issues surrounding the promulgation of the temporary rules will be decided before their expiration and would not be moot. This eliminates any problem of a case being capable of repetition but avoiding review.

### IV.

### CONCLUSION

We hold that this case is moot because the temporary rules at issue no longer exist and have been replaced by final rules. We further hold that this case does not fall within the public interest exception to the mootness doctrine.

Accordingly, we dismiss this case as moot.

No attorney fees on appeal. Costs on appeal to respondent.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.

---

1. In this case, CRPM chose to file a complaint for writs of prohibition and mandate as opposed to seeking judicial review under the APA. We do not decide today whether extraordinary writs are prohibited under the APA, or under what circumstances they may be permissible.