97 P.3d 465

**Leonard N. BROWNING,
Plaintiff–Appellant,**

v.

**Carol S. GRIFFIN, Defendant–
Respondent.**

No. 29391.

Court of Appeals of Idaho.

May 24, 2004.

Review Denied Sept. 3, 2004.

Leonard N. Browning, Priest River, pro se appellant.

Holmes Law Office, P.A., Coeur d'Alene, for respondent. Lisa A. Holmes argued.

LANSING, Chief Judge.

Leonard N. Browning brought an action for removal of a lien on his property and for damages allegedly caused by the lien. After the respondent filed a release of the lien, the magistrate court held that the statute under which Browning sought damages was inapplicable and dismissed Browning's action as moot. On intermediate appeal, the district court affirmed the magistrate's decision. Browning now further appeals. We reverse and remand.

## I.

## BACKGROUND

The record before us is sketchy concerning the occurrences that led to the filing of a notice of lien on Browning's property. We glean that sometime in 1994, the City of Spirit Lake contracted for construction work to be done near property owned by Browning. Some of the equipment for the work was provided by Spirit Lake Sand & Gravel, Ltd. (Gravel Co.), which was owned by Carol and Tom Griffin. At some point, Carol Griffin (Griffin) concluded that Browning had stolen or vandalized some of the equipment. On August 3, 1994, Griffin recorded a notice of lien in the amount of $50,000 against Browning's property based upon her contention that Browning owed her damages for the alleged theft or vandalism. The notice of lien was on a pre-printed form with blanks filled in by Griffin. The notice read as follows, with the words filled in by Griffin being italicized here:

> NOTICE IS HEREBY GIVEN that on the *3rd* day of *August,* 19*94,* at the request of the *City of Spirit Lake, SPIRIT LAKE*

*SAND & GRAVEL, LTD.* Commenced to perform labor, or to furnish material, or to supply equipment, to be used ~~upon~~ *in the area of Block 4, lot 11 & 12, Spokane addition to City of Spirit Lake, ID* located at *South 803 10th Ave.* in *Spirit Lake Idaho,* and described as *Equipment stolen or vandalized by Leonard Browning while parked near his property,* of which property the owner, or reputed owner, is *Leonard Browning* the performance of which ___ labor, or the furnishing of which ___ material, or the supplying of which $\underline{xx}$ equipment, as follows *Grader, Terex Crawler, CAT 950 Loader, vandalized or stolen by Leonard browning while parked on City of Spirit Lake road on 8/2/94 thru 8/20/94, valued at $50,000. Continue* on the *3rd* day of *August, 1994;* that said labor, material, or equipment was of the value of (*$50,000*) *Fifty Thousand Dollars. /s/ Carol S. Griffin.*

Browning apparently was unaware of the lien until early 2000, when he attempted to obtain a mortgage loan on his property and a title search revealed the lien.

Browning alleges, and Griffin does not deny, that upon Browning's discovery of the lien, he asked Griffin to release it, but she refused. In July 2001, Browning filed a petition pursuant to Idaho Code §§ 45–1703 and 45–1705 for release of the lien and for damages that he allegedly incurred as a result of the lien encumbering his property. In October 2001, Griffin made an appearance through counsel. Although Griffin's attorney wrote a letter in January 2002 to the mortgage company assuring the company that Griffin did not claim any interest in Browning's property, Griffin did not actually record a release of the lien until March 4, 2002. Two days later, she moved for dismissal of the lawsuit. The magistrate granted the motion. The magistrate concluded that Griffin's lien was not a nonconsensual common law

lien for which damages and attorney fees are recoverable under I.C. § 45–1705 and that, with a release of lien having been recorded, the action was moot. The magistrate further awarded attorney fees to Griffin as the prevailing party. On intermediate appeal, the district court affirmed the dismissal and awarded attorney fees for the appeal to Griffin.[1]

Browning now appeals to this Court, contending that the magistrate erred in holding that Idaho's nonconsensual common law lien statutes, I.C. §§ 45–1701 to 45–1705, were inapplicable to Griffin's lien, in holding that the action is moot, and in awarding attorney fees to Griffin. We conclude that Browning is correct on each of these points, and we therefore reverse the dismissal order.

## II.

## ANALYSIS

On appeal from a decision of the district court made in its appellate capacity, we give due regard to the district court's analysis, but we independently review the magistrate's decision. *Nelson v. Hayden,* 138 Idaho 619, 621, 67 P.3d 98, 100 (Ct.App.2003); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

Browning brought his action pursuant to I.C. §§ 45–1701 to 45–1705, which provide for the removal of nonconsensual common law liens and for the award of damages, penalties and attorney fees against persons who file such liens. Section 45–1701(3) defines "nonconsensual common law lien" as one that:

(a) Is not provided for by a specific state or federal statute;

(b) Does not depend upon the consent of the owner of the property affected for its existence;

1. In the intermediate appeal to the district court, Browning filed an appellate brief but did not appear at the scheduled oral argument. The district court affirmed the magistrate's dismissal order on substantive grounds but also stated, "Browning's absence from the hearing on appeal is further grounds for upholding the decision of the magistrate court." In the proceedings before the Court of Appeals, Griffin has not argued, nor have we found any authority for the proposition, that Browning's failure to attend the oral argument at the district court level constitutes a default or waiver of any issues presented by Browning on appeal. Therefore, we do not view Browning's absence from oral argument in the intermediate appeal as a waiver or bar to his further appeal to this Court challenging the magistrate's decision.

(c) Is not a court-imposed equitable or constructive lien; and

(d) Is not of a kind commonly utilized in legitimate commercial transactions.

The magistrate held that Griffin's lien did not fall within this definition but, rather, that it was at least colorably a mechanic's lien authorized by I.C. § 45–501. The magistrate based this conclusion principally upon the fact that Griffin utilized a notice of lien form that was designed for use by mechanic's lien claimants.

■ We find the magistrate's analysis to be in error. Mechanic's liens and materialman's liens are authorized by I.C. § 45–501.[2] In general terms, such liens are for the benefit of persons who have performed work upon real property, or furnished equipment or materials to be used in the creation of improvements upon real property, where the work was done or the items furnished at the instance of the owner or the owner's agent. On its face, Griffin's lien was not a mechanic's or materialman's lien, for it did not claim or imply that Griffin contributed labor, equipment, or material for improvement of Browning's property nor that the equipment referenced in the lien was used or provided at the request of Browning or his agent. Rather, the notice of lien states that the

claim is for "equipment stolen or vandalized." It also discloses that the equipment was not located upon real property that was owned by Browning but rather was being used "in the area of" that property and was vandalized while parked "near his property." The document does not purport to be a notice of a mechanic's or materialman's lien but straightforwardly asserts a lien to secure a tort claim against Browning for allegedly stealing or vandalizing Griffin's equipment. No Idaho law recognizes such a tort-based lien.

It follows that Griffin's lien constituted a "nonconsensual common law lien" as defined in I.C. § 45–1701(3), for it was: (a) not provided for by any state or federal statute, (b) not created with Browning's consent, (c) not a court-imposed equitable or constructive lien, and (d) not of a kind commonly utilized in legitimate commercial transactions.

■ It is also apparent that Griffin's ultimate release of the lien did not render Browning's entire action moot, for in addition to requesting removal of the lien, he sought the award of a penalty or damages and attorney fees incurred in obtaining removal of the lien, as authorized by I.C. § 45–1705.[3] A case becomes moot when the issues presented are no longer live or the parties lack a

2. Idaho Code § 45–501 provides:

Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who grades, fills in, levels, surfaces or otherwise improves any land, or who performs labor in any mine or mining claim, and every professional engineer or licensed surveyor under contract who prepares or furnishes designs, plans, plats, maps, specifications, drawings, surveys, estimates of cost, on-site observation or supervision, or who renders any other professional service whatsoever for which he is legally authorized to perform in connection with any land or building development or improvement, or to establish boundaries, has a lien upon the same for the work or labor done or professional services or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other

improvement as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter: provided, that the lessee or lessees of any mining claim shall not be considered as the agent or agents of the owner under the provisions of this chapter.

For purposes of this chapter the term "furnishing material" shall also include, notwithstanding any other provision of law to the contrary, supplying, renting or leasing equipment, materials or fixtures as defined in section 28–12–309, Idaho Code.

"Furnishing material" shall also include renting, leasing or otherwise supplying any equipment, materials, fixtures or machinery to any mine or mining claim.

3. Idaho Code § 45–1705 provides:

Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to create a nonconsensual common law lien against real property, knowing or having reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than five thousand dollars ($5,000) or

legally cognizable interest in the outcome. *Comm. for Rational Predator Mgmt. v. Dep't of Agric.,* 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997); *Idaho Sch. for Equal Educ. Opportunity v. Idaho State Bd. of Educ.,* 128 Idaho 276, 281, 912 P.2d 644, 649 (1996). Although Griffin's belated voluntary release of the lien mooted Browning's request for a court order removing it, the release did not moot Browning's claims for damages or the statutory penalty authorized by § 45–1705 and for attorney fees incurred in bringing the action necessitated by Griffin's initial refusal to release the lien.

In dismissing Browning's action, the magistrate also appeared to reason that an action to remove the lien was unnecessary because the lien was invalid, there having been no foreclosure action brought upon it within six months as required by I.C. § 45–510. The magistrate expressed the view that there is "no need to have a court order invalidating a lien that is no longer, by statute, enforceable." Again, we find the magistrate to be in error. Even an invalid lien constitutes a cloud on the title of the property owner. An unenforceable lien may deter potential buyers or lenders from purchasing the property or accepting the property as security for a loan. An unenforceable lien is not the equivalent of no lien at all, and Browning was entitled to a court order removing the invalid lien until Griffin mooted that issue by recording a release of the lien.

We conclude that the magistrate court erred in granting Griffin's motion to dismiss this action. The dismissal order, as well as the awards of attorney fees to Griffin by the magistrate court and the district court are reversed, and this matter is remanded to the magistrate court for further proceedings.

Judge PERRY and Judge GUTIERREZ concur.

for actual damages caused thereby, whichever is greater, together with reasonable attorney's fees. Any grantee or other person purportedly benefited by a recorded document which creates a nonconsensual common law lien against real property and is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, who willfully refuses to release such document or record upon request of the owner of the real property affected shall be liable to such owner for the damages and attorney's fees provided in this section.