# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49906

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CHAD JAMES CHERRY,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  May 12, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction for felony possession of a controlled substance and judgment of conviction for possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Chad James Cherry appeals from his judgment of conviction for possession of a controlled substance and judgment of conviction for possession of drug paraphernalia.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Beach observed a vehicle abruptly change lanes and then slow down below the speed limit.  The officer ran the license plate through her system and discovered the owner of the vehicle, Cherry, had an active extraditable warrant from Oregon.  Officer Beach visually confirmed the driver of the vehicle matched the description of the wanted individual, conducted a traffic stop, and arrested Cherry on his outstanding warrant.  Officer Beach requested that the vehicle be impounded and conducted an inventory search.  During the search, officers located a glass pipe and a small container of methamphetamine.  The State charged Cherry with felony

1

possession of a controlled substance (Idaho Code § 37-2732(c)(1)) and possession of paraphernalia (I.C. § 37-2734A(1)).

Prior to trial, Cherry filed a motion to suppress, arguing the decision to impound his vehicle was not reasonable and the subsequent inventory search was unlawful. The State filed a response and argued that the inventory search was appropriate. A suppression hearing was held. At the hearing, Officer Beach gave several reasons for impounding Cherry's vehicle. First, Cherry was arrested on a felony warrant out of Oregon and Officer Beach believed Cherry would be extradited to that state. This process would take significant time, which would leave Cherry's vehicle unattended. Second, Cherry's vehicle contained a significant amount of his personal belongings while parked in an area known for property crimes. Finally, the location of Cherry's vehicle created a hazard.

The district court found Officer Beach's testimony credible and uncontradicted. Relevant to this case, the district court also found that Cherry parked his vehicle in a way that at least partially impeded traffic. Following the hearing, the district court entered an order denying Cherry's motion to suppress, and the case proceeded to a jury trial. At trial, the State presented Officer Beach's bodycam video.[1]

A jury found Cherry guilty of both counts. The district court ordered a presentence investigation report (PSI). As part of the PSI process, Cherry filled out a PSI questionnaire. In response to a question regarding his impression of the circumstances of the current offense, Cherry wrote: "Pending appeal. Advised not to [answer] by attorney." During the PSI interview, Cherry also declined to discuss the instant offense since he planned on appealing the jury's verdict and maintained his innocence.

At sentencing, both the State and Cherry recommended that the sentence be suspended in favor of placing him on probation. The district court did not follow these recommendations. The district court mentioned that Cherry failed to take responsibility for the crimes he had been convicted of. The district court also noted that Cherry was constantly late to court proceedings, even during the trial; had a Level of Service Inventory (LSI-R) score of 22; had a significant prior

---

[1]     The officer's bodycam video was not admitted at the suppression hearing.

record, including an active out-of-state warrant at the time of his arrest; used controlled substances; and had unmanaged mental health issues.

The district court sentenced Cherry to a unified term of five years, with a minimum period of confinement of two years, but retained jurisdiction and sent him to the rider program, for possession of a controlled substance. Cherry was also sentenced to eighty-eight days in jail, with credit for time served, for possession of drug paraphernalia. Cherry appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

## III.

## ANALYSIS

On appeal, Cherry argues that the district court erred in denying his motion to suppress because the officers unreasonably impounded his vehicle and, as a result, conducted an illegal search of his vehicle. Cherry also argues that the district court committed fundamental error when it retained jurisdiction rather than placing him on probation based on his refusal to make any statement regarding the offense or accept responsibility. In response, the State argues that the

3

officer's decision to impound the vehicle, and the associated inventory search, was reasonable since the district court found that Cherry's vehicle posed a traffic hazard. The State also argues that Cherry's sentencing argument is moot because he was placed on probation during the pendency of this appeal. In his reply, Cherry argues that the mootness doctrine does not apply because the issue he raised is both capable of repetition and is of significant public interest.

## A.     Motion to Suppress

Cherry argues that the district court erred by denying his motion to suppress the evidence discovered subsequent to the inventory search. Specifically, Cherry contends that the officer's decision to impound the vehicle was unreasonable because the officer's decision was not justified by a "community caretaking" function, as required by the Idaho Supreme Court's recent decision in *State v. Ramos*, 172 Idaho 764, 536 P.3d 876 (2023).[2]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. Warrantless searches are presumed to be unreasonable and therefore violate the Fourth Amendment. *State v. Hollist*, 170 Idaho 556, 561, 513 P.3d 1176, 1181 (2022). The State may overcome this presumption by demonstrating a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019).

Inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983); *State v. Owen*, 143 Idaho 274, 277, 141 P.3d 1143, 1146 (Ct. App. 2006). An inventory search must not, however, be a ruse for general rummaging to locate incriminating evidence. *Florida v. Wells*, 495 U.S. 1, 3-4 (1990). Rather, inventory searches must be "conducted in compliance with standard and established police procedures and not as a pretext for criminal investigation." *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The legitimate purposes of inventory searches include protecting: (1) the owner's property while it remains in police custody; (2) the States against claims of lost or stolen property; and (3) the police from

---

[2]     At the time of its ruling, the district court did not have the benefit of the decision in *Ramos*.

potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976); *Weaver*, 127 Idaho at 290-91, 900 P.2d at 198-99.

Although an inventory search of an impounded vehicle constitutes an exception to the warrant requirement, an inventory search is not valid unless the police first obtain lawful possession of the vehicle. *State v. Stewart*, 152 Idaho 868, 870, 276 P.3d 740, 742 (Ct. App. 2012); *State v. Foster*, 127 Idaho 723, 727, 905 P.2d 1032, 1036 (Ct. App. 1995). An impoundment of a vehicle constitutes a seizure and is thus subject to the Fourth Amendment's limitations. *Weaver*, 127 Idaho at 291, 900 P.2d at 199. If an impoundment violates the Fourth Amendment, the accompanying inventory search is also tainted, and evidence found in the search must be suppressed. *Id.* An impoundment complies with Fourth Amendment standards only if it was reasonable under all the circumstances known to the police when the decision to impound was made. *Id.* An officer's conduct in electing to impound a vehicle is judged against an objective standard. *Id.*

Cherry argues that the officer's decision to impound the vehicle was unreasonable under the circumstances of this case; therefore, the search of the vehicle was unlawful, and any evidence procured as a result of the search should have been suppressed. Cherry contends that the evidence in the record is not sufficient to support a conclusion that law enforcement was performing its community caretaking function by impounding his vehicle. To support his argument, Cherry relies on the Idaho Supreme Court's recent decision in *Ramos*. However, *Ramos* is distinguishable from the facts of this case.

In *Ramos*, the Idaho Supreme Court held that an impoundment of a vehicle is reasonable if it constitutes "community caretaking" by law enforcement. *Ramos*, 172 Idaho at 773-74, 536 P.3d at 885-86. Specifically, the Court determined that, when police seize and remove a vehicle that impedes traffic or threatens public safety from the streets, such impoundment is "beyond challenge." *Id.* at 774, 536 P.3d at 886 (quoting *Opperman*, 428 U.S. at 369). In *Ramos*, a sheriff's deputy found an unattended vehicle parked near a public restroom with its windows down and trunk open. *Id.* at 766-67, 536 P.3d at 878-79. The car was improperly parked, slightly over the yellow line of a parking space, but no testimony was presented that it was obstructing traffic. *Id.* at 769, 536 P.3d at 881.

5

Unlike in *Ramos*, Officer Beach testified that Cherry's vehicle was impeding traffic by obstructing an entrance to the parking lot of a hotel. Officer Beach testified that Cherry's vehicle was blocking the easement entrance in a way that could cause damage to his vehicle if emergency vehicles attempted to enter the parking lot of the hotel. Cherry argues that Officer Beach gave conflicting testimony about the exact location of Cherry's vehicle. In its discretion to weigh the strength and credibility of the evidence, the district court made a factual finding that Cherry's vehicle was "at least impeding traffic" and "at least partially blocking a--one of two ingress and egress points" of the parking lot. Credibility determinations are a trial court's prerogative, and we will not disturb these factual findings by reweighing the evidence. *See Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997; *Schevers*, 132 Idaho at 789, 979 P.2d at 662.

Cherry only contests one factual finding--that, had the officers inquired with the staff at the hotel, there would have been a request to remove Cherry's vehicle from the premises. There was a reasonable inference from the evidence presented that Cherry did not have permission from the hotel to keep his vehicle at the hotel parking lot indefinitely, particularly given where it was located in relation to one of the ingress-egress points to the hotel. Moreover, the recent decision in *Ramos* indicates that a critical factual finding made by the district court was that law enforcement acted in its community caretaking capacity by impounding the vehicle because it obstructed the safe flow of traffic.

Cherry failed to meet his burden to show error in the district court's factual findings or its ultimate conclusion that the impoundment of his vehicle was reasonable and therefore the inventory search was lawful. Consequently, we affirm the district court's decision denying Cherry's motion to suppress evidence obtained as a result of the inventory search of his vehicle.

## B. Cherry's Sentence

Cherry argues that the district court abused its discretion by imposing his sentence because the district court based its decision on Cherry declining to make a statement during the PSI interview regarding the instant charges.[3] Cherry argues that he received a vindictive sentence for

---

[3] Cherry also argues that this Court should review the severity of Cherry's sentence using the fundamental error standard because his Fifth Amendment right to silence was violated. Fundamental error is an error that goes to the foundation or basis of a defendant's rights. *State v.*

his decision to exercise his right "to pursue what, in the district court's view is a meritless appeal." In response, the State argues that Cherry's sentencing argument is moot because Cherry has already received the relief he seeks on appeal given that the district court placed him on probation after he completed the period of retained jurisdiction. Cherry responds that mootness exceptions apply because he raised an issue that substantially concerns public interest and the issue is capable of repetition while evading judicial review.

Cherry's challenge to his sentence is moot. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The mootness issue is raised in the State's brief. In his reply brief, Cherry addresses exceptions two and three. Because he does not address exception one, we need not address exception one.

While his appeal was pending, Cherry completed his retained jurisdiction and was subsequently placed on probation. Yet, Cherry continues to assert that the district court erred in ordering incarceration. Even if the short duration of an average retained jurisdiction makes an appeal of the underlying judgment capable of evading judicial review, Cherry failed to show that the sentencing issue in his appeal is capable of repetition because it is too fact specific. *See Mitchell v. Ramlow*, ___ Idaho ___, 559 P.3d 1210, 1215 (2024) (determining that capable of repetition yet evading review exception to mootness doctrine does not apply to the issues that are

---

*Robbins*, 123 Idaho 527, 529, 850 P.2d 176, 178 (1993). Cherry contends that the district court largely based its decision to impose his sentence based on his refusal to make any statement or take responsibility regarding the offense he committed. The district court is allowed to consider a variety of factors in determining an appropriate sentence, including one's inability to take responsibility for one's actions. *State v. Brown*, 131 Idaho 61, 73, 951 P.2d 1288, 1300 (Ct. App. 1998). Moreover, this Court has not been presented with authority where the Idaho Supreme Court has extended the fundamental error doctrine, beyond the adjudication of guilt, to the judge's discretionary sentencing decision. We will therefore review Cherry's challenge to the severity of his sentence under the abuse of discretion standard.

rooted in the trial court's exercise of its discretion with respect to the facts of that particular case). Because the factual basis of each sentence in a criminal case are different and because such facts are necessary to the trial court's determination of the ultimate sentence, the issue Cherry raises is not likely to be raised in a similar manner in other future cases. *See id.* We hold that Cherry's appeal does not satisfy the capable of repetition yet evading review exception to the mootness doctrine as his case is too fact-specific to fall within this exception.

Likewise, the public interest exception does not apply to Cherry's case. This exception to the mootness doctrine applies when an issue "of substantial public interest" is involved. *Bradshaw*, 120 Idaho at 432, 816 P.2d at 989. The Idaho Supreme Court has held the substantial public-interest exception applies only to the following situations: (1) reviewing involuntary commitments, *Id.*; (2) interpreting the scope of a recently enacted statute and the standard of proof related to claims under that statute, *Ellibee v. Ellibee*, 121 Idaho 501, 503, 826 P.2d 462, 464 (1992) (interpreting the scope of the then-recently enacted Domestic Violence Act and the standard of proof required to obtain a domestic violence protection order); and (3) determining whether a public entity can use public funds to campaign in an election, *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 852, 119 P.3d 624, 627 (2005). The public-interest exception also does not apply just because there is a "possibility of the reoccurrence of a similar lawsuit" or the "theoretical possibility that an issue may resurface will not suffice." *Great Beginnings Child Care, Inc. v. Off. of Governor of State of Idaho*, 128 Idaho 158, 160, 911 P.2d 751, 753 (1996). Because the circumstances and facts surrounding Cherry's sentencing are specific and unique to his case, this issue does not involve substantial public interest.

The only relief Cherry has requested on appeal cannot be granted because he has already served a period of retained jurisdiction and has been placed on probation. None of the exceptions Cherry claimed apply to the instant matter. Any judicial relief from this Court would have no effect on either party. Accordingly, Cherry's claim for relief from the underlying sentence is dismissed as moot.

Even if the sentencing matter were not moot, it is not improper for a trial court to consider a defendant's failure to accept responsibility in determining whether rehabilitation efforts would be fruitful. *State v. Brown*, 131 Idaho 61, 73, 951 P.2d 1288, 1300 (Ct. App. 1998). However, when a defendant claims vindictiveness in sentencing, this Court reviews the totality of the

8

circumstances and examines the entire record before it. *Id.* at 72, 951 P.2d at 1299. The district court's comments addressed whether Cherry would be amenable to rehabilitation. While the district court acknowledged that it struggled with Cherry's "reluctance to take responsibility for" his actions, the district court also considered other factors. The district court discussed Cherry's conduct at trial, his LSI score, his criminal record, his use of Kratom, and a lack of clarity about his mental health issues. Ultimately, the district court considered the protection of society when it stated that it was not "comfortable putting [Cherry] on probation." The district court imposed the sentence and retained jurisdiction. Having reviewed the entire record, and applying the totality of the circumstances test, we conclude that Cherry has failed to demonstrate that his sentence was the result of vindictive actions by the district court to punish his exercise of his right to appeal.

## IV.

## CONCLUSION

Cherry has failed to demonstrate that the district court erred in denying his motion to suppress. The district court did not err in finding the impoundment of Cherry's vehicle was reasonable and the subsequent inventory search was lawful. Further, Cherry's claim for relief from the underlying sentence is dismissed as moot. Therefore, Cherry's judgment of conviction for felony possession of a controlled substance and judgment of conviction for possession of drug paraphernalia, are affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.